## J. H. Todd *v.* Wm. Bacon.

**Ejectment—Sufficiency of Answer—Material Allegations of Petition Must Be Specifically Denied.**

In his answer appellant denies that appellee is the owner and entitled to the possession of the land described in the petition. He further denies that he now holds possession of the land without right, or ever held the same without right. And denies that he has for years past unlawfully kept the plaintiff out of possession.

Held, that the import of this language is not a denial of the simple fact that appellant was in possession of this land at the commencement of the action, but a denial that his possession was unlawful. Unless every allegation of the petition is specifically denied, it is taken as true for the purpose of the action, and it is not necessary to introduce proof on that point.

**Deeds as Evidence—Registration When Land Lies in Two Counties.**

Where the land embraced in a Deed lies in two counties, it may be read as evidence, in an action of ejectment, if it has been recorded in the county where the greater part of the land lies.

**Deeds—Construction—General Recitals Must Give Way to Particular Descriptions.**

Where the actual location of the land in contest is the question involved, the general recitals in a deed should not be allowed to control the more minute description subsequently given.

**Ejectment—Exceptions in Deed—Burden on Plaintiff.**

Where a deed under which the plaintiff claims title, in an action of ejectment, contains exceptions, the burden is on him to show that the land in controversy is not within the exceptions.

APPEAL FROM GARRARD CIRCUIT COURT.

January 25, 1872.

OPINION BY JUDGE PETERS:

This is an action in the nature of an action of ejectment brought by appellee, against appellant for the recovery of 118.45 acres of land, in the Rockcastle Circuit Court and judgment having been rendered in favor of appellee for the land claimed in the petition, appellant seeks a reversal therefor.

The first ground relied on is that there is no evidence that appellant was in possession of the land sued for before or at the commencement of the action.

To ascertain whether such evidence was necessary, the precise state of the pleadings must be examined, and the effect determined. It is alleged in the petition that appellee is the owner, and entitled to the possession of the land described by metes and bounds, and that appellant holds possession of the same without right, etc.

In his answer appellant denies that appellee is the owner and entitled to the possession of the land, described in the petition. He further denies that he now holds possession of the land without right, or ever held the same without right. And denies that he has for years past unlawfully kept the plaintiff out of possession. The evident import of this language is not a denial of the simple fact that appellant was in possession of the land at the commencement of the action, but a denial that his possession was unlawful.

The plea of not guilty in the action of ejectment prior to the adoption of the *civil code* put in issue all the material facts constituting the cause of action, except the lease, entry and ouster which were generally admitted on the record, but under the code unless every allegation of the petition is specifically denied it is taken as true for the purpose of the action.

From the character of the answer therefore it was not necessary to introduce evidence on the point of possession.

The next objection worthy of consideration is whether the deed from Beckley to appellee was competent as evidence. It is true that in the premise, it is recited that the land was situated in the county of Lincoln and the deed was recorded in that county, while the land sued for is situated in the county of Rockcastle, which was formed many years before the conveyance was made, but in a subsequent part of the deed the land is particularly described by metes and bounds.

The statute on the subject of the registration of deeds provides, where a tract of land lies in two counties, the conveyance may be recorded in the county where the greater part of the tract lies, and a certified copy of the deed may be read in evidence. It is shown that the greater part of the 10,000 tract embraced in said deed lies in the county of Lincoln, the mere general recital as aforesaid in the deed should not be allowed to control the more minute description subsequently given, and under the law the deed was competent.

But this deed contains exceptions of quite a number of smaller tracts, held by persons therein named, and under prior claims as the deeds recite.

At the close of the evidence the law and facts having been submitted to the court without the intervention of a jury appellant moved the court for a dismissal of the petition for various reasons, one of which was that there was no evidence showing that the land for which he was sued was not embraced in some of the various exceptions contained in the deed, and that is the next ground relied on for a reversal that we propose to consider.

As was said by this court in *Guthere vs. Lewis's Devisees,* 1 Mon. 141, these different parcels of land excepted in the deed from Beckley to appellee can not pass thereby, and the deed can not operate as a grant but for the residue. To so much therefore of the land included in the deed of Beckley only has appellee shown title, and whether the part to which he has shown title includes the land in controversy or not, could only be shown with certainty by ascertaining the position and boundaries of the several parcels excepted in the deed and to which he has shown no title. This he has not done; the situation and boundaries of no one of the excepted parcels can be ascertained

from the record. And from anything to the contrary that appears the land in controversy may be included in the excepted parcels. But the uncertainty, whether it is so included or not, it was in the power of appellee to remove, and having failed to do so, he has not therefore produced the most satisfactory evidence in his power of his right and was not entitled to the judgment in his favor.

The terms of the writing purporting to be a release from appellee to his vendor, Beckley, are sufficient to release him so far as the parties thereto are concerned from any liability on the warranty of the vendor, and there is nothing in the record to show that Bacon has ever parted with the title to the land in dispute, such title as he may have acquired from Beckley. Indeed, Dewes, to whom the lands seem to have been conveyed, has conveyed back to Bacon the tract in dispute, if we are to form an opinion from the identity of the boundary of the land described in the petition, and one of the tracts described in the deed from Dewes to Bacon copied in the record. We conclude therefore that Bacon's grantor was rendered competent by the release to him.

The witness proves that the person, who was his mother, was the wife of the testator and to whom he devised the one-half of his estate. And whether he described her by the same name his father did is not material. He proves the identity of the person.

Bnt for the reason indicated the judgment is reversed, and the cause is remanded with directions to order a new trial and for other proceedings consistent herewith.

*Bradley, Durham, for appellant.*

*Jacobs, Brown, for appellee.*